STOCK *v.* STOCK.

1. DIVORCE—ALIMONY—PARTIES—OWNERSHIP OF PROPERTY.
   In wife's suit for divorce, court could not determine ownership of stock standing in name of defendant's father, but claimed by plaintiff to belong to defendant, since father. is not party to suit; but wife has right to have question determined in proper proceeding.

2. SAME—EXCESSIVE AWARD.
   If husband owns stock worth $40,000, award of $10,000 alimony to wife is not excessive.

3. SAME—DECREE FOR ALIMONY AFFIRMED SUBJECT TO ENTRY OF REVISED DECREE.
   Where award of $10,000 alimony is apparently based on husband's ownership of stock worth $40,000, although ownership thereof was claimed by defendant's father, decree is affirmed, on appeal, subject to entry of revised decree under 3 Comp. Laws 1915, § 11417, if, in proper proceeding, it be determined that defendant is not the owner.

Appeal from Hillsdale; Sampson (Jacob N.), J. Submitted January 22, 1930. (Docket No. 87, Calendar No. 34,764.) Decided April 7, 1930.

Bill for divorce by Elizabeth S. Stock against Adolph D. Stock, Jr., on grounds of extreme cruelty. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Chandler & Culver,* for plaintiff.

*Paul W. Chase* and *Merton Fitzpatrick,* for defendant.

Circumstances indicating excessive allowance of alimony in action .for divorce, see annotation in 44 L. R. A. (N. S.) 1010.

Sharpe, J. The defendant has appealed from a decree granting plaintiff a divorce on the ground of extreme cruelty. In the brief filed, defendant's counsel say:

"There will be no claim on the part of the defendant that a divorce should not be granted under the evidence in the case."

The record satisfies us that this concession was warranted.

The plaintiff was awarded $10,000 as permanent alimony, payable within 60 days from the date of the decree. The defendant insists that this sum is excessive. The parties were married at Hot Springs, Arkansas, the then home of the plaintiff, on June 12, 1923, and lived together until September, 1928. He is now 30 years of age, and she somewhat younger. They have no children. His father, a prominent business man at Hillsdale, has made every reasonable effort to afford him an opportunity to make a success of his life, but so far without avail. He provided them with a comfortable home, and has largely supported them. He testified that defendant "doesn't know the value of money;" that he has "been constantly in debt;" that he lent him money, and that it was "all dissipated," and that he made every effort "to iron out their troubles," but without success.

The defendant had no property at the time of their marriage. The plaintiff was then possessed of six bonds of the par value of $1,000 each. Three of them have been converted into money and the proceeds used to pay family expenses and the personal indebtedness of the defendant.

Defendant's father owned some stock in the Conn Band Instrument Company. In 1921 he assigned

100 shares of this stock to the defendant. It is his claim that he and his wife were going on a trip and that he placed this stock in his son's name so that defendant and his wife would receive the dividends on it, but that, when the certificates were issued to the defendant, he (defendant) at once indorsed them to the father, and that they were always in his possession and the stock reissued to him in 1926. The plaintiff claims that the defendant is the owner of this stock, and that, with the stock dividends issued thereon, it is now worth about $40,000. The trial court very properly decided that he could not determine the ownership in this suit, in which the father was not a party, but it is apparent that the allowance in the decree was based on the defendant's ownership. If he is the owner of the stock in question, the award of alimony is not excessive. The plaintiff has the right to have such ownership determined in a proper proceeding for that purpose. If it be determined that defendant is not the owner, the court may "revise and alter" the decree under the provisions of 3 Comp. Laws 1915, § 11417. That entered in the trial court will be modified by extending the time for making such payment for 60 days from the entry of decree in this court, and, as thus modified, affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, FEAD, and NORTH, JJ., concurred.